SHORES, Justice.
Hawk, Inc., a food service equipment supplier/installer, sued Nutrionics, Inc., an equipment fabricator, claiming damages for breach of contract. Nutrionics appeals from a judgment for Hawk. We affirm.
Hawk alleged that Nutrionics breached its contract on three construction jobs. A pre-trial conference held on October 1, 1990, resulted in the case being submitted to the trial court for disposition. The record reflects that on November 14, 1990, a joint statement of facts was submitted to the trial court, along with the depositions of Richard Allen Hawk, Daniel R. Hawk. Jr., and Tom Norris, Sr.[1] Extensive briefs were also submitted to the trial judge by counsel for both parties.
On June 8, 1992, the trial judge awarded Hawk, Inc., $35,878 and court costs. Nu-trionics appealed.
The record contains substantial evidence to support the trial judge’s finding of a breach of contract and its award of damages. We note that Nutrionics did not object to the testimony either during the depositions or when the depositions were offered by both parties. Nutrionics filed no post-trial motions. There was “credible evidence to support the judgment”; considering that evidence and all inferences that can be logically drawn from it, we cannot conclude that the judgment is plainly and palpably wrong. Clark v. Albertville Nursing Home, Inc., 545 So.2d 9 (Ala.1989).
The judgment of the trial court is due to be affirme{j
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ„ concur.

. Extensive exhibits are attached to the depositions.